UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J<small>OHN</small> S<small>EABORN</small> L<small>ITTLE</small>,

   Plaintiff,          Hon. Paul L. Maloney

v.                Case No. 1:22-cv-697

J<small>AMES</small> E<small>ERDMANS</small>,

   Defendant.

_____/

## REPORT AND RECOMMENDATION

  This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

  The events giving rise to this action occurred while Plaintiff was incarcerated at the Carson City Correctional Facility. In his amended complaint, Plaintiff alleges the following.

  As of May 5, 2020, Plaintiff was incarcerated having been convicted of multiple crimes resulting from his involvement in the killing of a man by one of his friends. On this date, Plaintiff was informed that several inmates who were friends of the deceased man had been overheard discussing "how they were going to stab/kill [Plaintiff] because of his relation to the crime that killed their friend."

-1-

Plaintiff informed Prison Counselor James Eerdmans that he was "afraid for his life" because he was assigned to the same housing unit as the men threatening his life. Plaintiff requested that Eerdmans assign him to a different housing unit or transfer him to a different facility. Eerdmans refused Plaintiff's request. Plaintiff later reiterated his concern that he was "legitimately afraid for his safety." Eerdmans responded by informing Plaintiff that he "wasn't going to move [Plaintiff], so he might as well not come to him again with his issues and concerns."

The following day, Plaintiff was warned by another prisoner to "keep his head up and his eyes open because his life was in danger." Plaintiff "again relayed the information to" Eerdmans, but no action was taken to protect Plaintiff. Later that day, Plaintiff was savagely attacked by two or three inmates. Plaintiff suffered a severe head injury, a broken nose, and a broken eye socket. Plaintiff's right eye was later permanently removed due to damage suffered in the attack.

Plaintiff was granted parole on July 23, 2020, but is currently listed as an "absconder from parole." *See* Michigan Department of Corrections, Biographical Information – John Seaborn Little, available at Offender Tracking Information System (OTIS) - Offender Profile (state.mi.us) (last visited on May 21, 2023).

Plaintiff alleges that Defendant Eerdmans was indifferent to the threat of attack he faced in violation of his Eighth Amendment rights. Defendant Eerdmans now moves for summary judgment. Plaintiff failed to respond to Defendant's motion. On May 10, 2023, the Court issued an Order to Show Cause to Plaintiff's counsel

instructing her to show cause why Defendant's motion should not be granted. (ECF No. 19). Counsel was expressly cautioned that if she failed to timely comply with the Order to Show Cause the undersigned would recommend that Defendant's motion be granted. (*Id.*). Counsel failed to respond to the Court's Order to Show Cause. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I.   Defendant is Entitled to Summary Judgment

Plaintiff alleges that Defendant was indifferent to the threat of attack he faced from other inmates. To prevail on his failure to protect claim, Plaintiff must establish that Defendant Eerdmans was deliberately indifferent to "a substantial risk" that he

might suffer "serious harm." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). To establish that Defendant acted with deliberate indifference, Plaintiff must demonstrate that Defendant was "subjectively aware of the risk," but failed "to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847). To prevail on the specific claim that Defendant failed to protect him from an assault by another inmate, Plaintiff must establish: (1) Defendant had reason to believe Plaintiff would be assaulted by another inmate and (2) Defendant had both the opportunity and means to prevent the assault. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013).

In support of his motion for summary judgment, Defendant Eerdmans has presented evidence that Plaintiff never informed him that "he was threatened by other inmates, that he was afraid for his life for any reason, or that he was in fear of being assaulted from other prisoners." (ECF No. 18, PageID.70-71). In sum, Defendant asserts that he "had no knowledge of any threats to [Plaintiff's] safety." (*Id.*, PageID.71). Plaintiff has presented no evidence to the contrary. Defendant has, therefore, demonstrated the absence of any genuine factual dispute on the question whether he was subjectively aware that Plaintiff faced any danger or threat to his safety. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

**II.   Waiver**

Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

Because Plaintiff has failed to respond to Defendant's motion, the undersigned recommends, in the alternative, that Defendant's motion for summary judgment be granted on the ground that Plaintiff has simply waived opposition thereto.

### III.     Failure to Prosecute

As previously noted, the Court instructed Plaintiff's attorney to show cause why Defendant's motion should not be granted.   The Court's Order to Show Cause expressly cautioned counsel that "the Court possesses the authority to dismiss a plaintiff's claims for failure to prosecute and/or comply with the Court's Orders."   (ECF No. 19) (citing Fed. R. Civ. P. 41(b)).   Counsel was also expressed warned that failure to respond to the Order to Show Cause would result in the undersigned recommending that Defendant's motion be granted.   (*Id.*).   Despite such warnings, Plaintiff's counsel ignored the Court's Order to Show Cause.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."   *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).   This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629-30.   Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.   *See* Fed. R. Civ. P. 41(b); *see also*, W.D. MICH. LCIVR 41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution").

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the

-7-

party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice. Plaintiff was expressly warned that failure to comply with the Court's orders may result in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient. Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims against Defendant Eerdmans be dismissed with prejudice for failure to prosecute and comply with the Court's Orders.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 17) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 23, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge